**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MORRIS G. JONES, ) | |
| ) | No. 14 CV 08391 |
| Plaintiff ) | |
| ) | Judge Sara L. Ellis |
| Vs. ) | |
| ) | |
| BLITT AND GAINES P.C., ) | |
| ) | |
| Defendant ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)(6)**

Defendant, Blitt & Gaines, P.C., by and through counsel, Michael L. Starzec, respectfully submits its Reply in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in support thereof, states as follows:

**I.     ENTRY OF AN ORDER DOES NOT CONSTITUTE "BRINGING" A "LEGAL ACTION" FOR PURPOSES OF THE FDCPA VENUE PROVISION**

Jones urges the court to interpret the statute by "looking at the plain meaning" while simultaneously seeking to subvert this doctrine by cherry-picking only three words ("any legal action" of §1692i(a)(2)). When considering the *complete* sentence of §1692i(a)(2), the plain meaning is undeniable: "bring[ing]" a "legal action" means *to institute legal proceedings*. Because entry of an order in no way initiates a legal proceeding, it is not a "legal action" subject to the venue provision of the FDCPA, and therefore, the case should be dismissed.

Case law cited by Blitt supports this interpretation. Jones attempts to discount the weight of the authority by disparaging the cases as a "litany." That being said, Jones can only distinguish facts where the distinction is devoid of legal significance. For example, Jones

1

attempts to distinguish Beeler-Lopez v. Dodeka, LLC, 711 F. Supp. 2d 679 (E.D. Tex. 2010) by noting the order entered in Beeler was a substitution of counsel rather than a judgment order. However, Jones never takes the next step in the analysis to explain how this factual distinction would have ultimately affected the Beeler court's ruling. In Beeler the court reasoned:

> Once the debt collector sues in the wrong venue, the consumer must defend, and the damage is done. The consumer can then request a transfer to an appropriate venue and file an action against the debt collector for actual damages and any related costs and attorney's fees. However, if the consumer does not move for transfer, the statute does not require the debt collector to do so. Id at 681.

The court's reasoning is in no way dependant on the type of litigation activity that took place; its analysis encompassed all post-filing litigation activity. Thus, Beller stands for the proposition that no conduct other than the *initiation* of a legal proceeding is subject to the FDCPA venue provision.

Moreover, Jones utterly ignores Parkis v. Arrow Fin. Servs., LLS, No. 07 C 410, 2008 WL 94798 (N.D. Ill. Jan. 8, 2008). In Parkis, the debtor argued that the venue provision required a collector refrain from prosecution of a wrongfully filed lawsuit until it is transferred to the appropriate district. The facts in that case reveal that after the collector learned of the correct address, the collector filed a motion to appoint a special process server, after which "[p]laintiff was served with an alias summons at his place of residence in Winnebago County. Plaintiff was unable to appear in Chicago on the return date and a default judgment was entered against him." Id at 2, 8. Under Jones's theory all of these actions would have violated the Act. Yet despite *three* separate orders being entered, the Parkis court entered judgment in favor of the defendant.

Much like Jones's mischaracterization of the meaning of §1692i(a)(2), Jones erroneously asserts Blakemore and Fox hold entry of any order is a "legal action." In reality, both cases only address whether the initiation of a post-judgment enforcement action is a "legal action." They did not say any decision reduced to an order subjected the collector to liability. Thus,

2

Jones's position is tantamount to creating a state of perpetual liability which would write §1692K(d) out of existence.[1]

## II.  RECENT DECISIONS IN THIS DISTRICT SUPPORT BLITT'S ARGUMENT

Moreover, Blitt's position is supported by four recent rulings from this District addressing Jones' position that the entry of an order initiates a legal proceeding and resets the statute of limitations.  In Celia Padilla v. Blatt, Hasenmiller, Leibsker & Moore, LLC, Case No. 14 C 7650 (N.D. Ill., February 5, 2015) (a copy of the opinion is attached hereto as Exhibit A) Padilla argued that his claim was timely because the entry of a judgment was a "legal action" subject to the venue provision of the FDCPA.   In rejecting this position, the court held Padilla's contention was "contrary to an abundance of authority determining the appropriate start time for an FDCPA claim…[is]when the alleged wrongful litigation begins ." Id at 3 (internal citations omitted.)   Characterizing  Padilla's approach as an attempt to "circumvent the date of the case filing" (Id. at 4,) the court found Padilla's position resulted from a  "limited interpretation of a *legal action* [which] ignores the initial portion of the venue provision which specifies "any debt collector who *brings* any legal action." Id  (emphasis added by the court).  It concluded by explicitly stating: "Padilla's FDCPA claim arose upon the filing of the Collection Suit on June 6, 2013.  Since Padilla filed suit on October 1, 201[4], her claim is over the one-year statute of limitations and is timely." Id at 5.

Padilla is in accord with a growing body of other district court rulings in this circuit involving the same theory and facts.  In Johnny K. Mako v. Blatt, Hasenmiller, Leibsker &

---

[1] See also McNeill v. Graham, Bright & Smith, P.C., CIV.A. 3:04-CV-1484K, 2006 WL 1489502, at 2 (N.D. Tex. May 26, 2006)("Filing a counterclaim is not the same thing as filing a lawsuit" for purposes of the venue provision); Mill-Bern Associates, Inc. v. Intl. Bus. Machines Corp., 64 Fed. Appx. 792, 794 (2nd Cir. 2003)(defining the term "legal action"  as "a lawsuit brought in a court; a formal complaint within the jurisdiction of a court of law")(citing Black's Law Dictionary, 28 ("action")(6th ed.1990)).

Moore, LLC, Case No. 14 C 9600 (N.D. Ill., January 21, 2015) the court found Plaintiff's reliance on Fox v. Citicorp Credit, Servs., Inc., 15 F.3d 1507 (9th Cir. 1994) and Blakemore v. Pekay, 895 F. Supp. 972 (N.D. Ill. 1995) did not "enable[] Mako to dodge the limitations bullet," reasoning that "the Seventh Circuit would not treat limitations as a kind of rolling concept, under which each step in pursuance of the collection would kick off a new limitations period." Id at 1, 3. (a copy of the opinion is attached hereto as Exhibit B) (See also Laurence Komisar v. Blatt, Hasenmiller, Leibsker & Moore, LLC, Case No. 14 CV 7948 (N.D. Ill., January 29, 2015 , *and* Laurence Komisar v. Blatt, Hasenmiller, Leibsker & Moore, LLC, Case No 14 CV 7950 (N.D. Ill., January 29, 2015,) (Joint Order and Opinion attached as Exhibit C). Consequently, Jones' position that entry of an order constitutes "bringing a legal action" for purposes of the venue provision of the FDCPA is entirely unsupported and contrary to the overwhelming weight of authority.

**Conclusion**

For the foregoing reasons, Blitt's Rule 12(b)(6) Motion to Dismiss should be granted.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court dismiss this lawsuit, and for any further relief this Honorable Court deems equitable and just.

Respectfully submitted,

By: s/Michael L. Starzec
Michael L. Starzec

Blitt and Gaines, P.C.
661 Glenn Avenue
Wheeling, IL 60090
(847)403-4900
(312)920-0625
MikeStarzec@BlittandGaines.com

4