**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MORRIS G. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 14 C 8391 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| BLITT AND GAINES P.C., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Blitt & Gaines, P.C.'s motion to dismiss [11] is granted. Plaintiff's complaint is dismissed with prejudice. Case terminated. See statement for details.

## STATEMENT

Plaintiff Morris Jones filed this action against Defendant Blitt & Gaines P.C. ("Blitt") on October 24, 2014, alleging that Blitt violated the venue provision of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692i, by filing suit to collect a debt in the wrong venue. Section 1692i(a)(2) requires a debt collector to bring a legal action to collect on a debt only in the judicial district or similar legal entity in which the consumer signed the contract sued upon or in which the consumer resides at the time of the action. The Seventh Circuit recently clarified that "judicial district" means "the smallest geographic area relevant to venue in the court system in which the case is filed." *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636, 643 (7th Cir. 2014).

Blitt seeks to dismiss Jones' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that it is barred by the statute of limitations. Although the statute of limitations is an affirmative defense that need not be anticipated in the complaint to survive a motion to dismiss, dismissal is appropriate where the allegations of the complaint reveal that the action is untimely. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). The FDCPA provides that suit must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Section 1692i(a)(2), of which Jones complains, provides that "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity—(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." Although the Seventh Circuit has not decided when a violation occurs for a claim under § 1692i, numerous courts in this district faced with this same scenario have recently determined that the filing of a debt collection lawsuit or service on the consumer starts the clock. *See, e.g.*, *Sapaula v. Blitt & Gaines, P.C.*, No. 14 C 7494, 2015 WL 1407296, at *1 (N.D. Ill. Mar. 24, 2015) (noting split in authority between finding violation occurs at time of filing or time of service); *Henciek v. Law Office of Keith S. Shindler, Ltd.*, No. 14-cv-07149,

Doc. 36 at 2 (N.D. Ill. Mar. 3, 2015) (noting split); *Balik v. Blitt & Gaines, P.C.*, No. 14 C 8702, 2015 WL 764013, at *3 (N.D. Ill. Feb. 21, 2015) (runs at filing).[1]

As alleged in the complaint, Blitt filed suit against Jones on September 26, 2013 in the First Municipal District of Cook County to collect on a debt, although Jones resided in the Sixth Municipal District. According to the docket sheet for the state court case, proof of service was filed with the state court on October 21, 2013. Using either the filing or service date as the start of the statute of limitations, this case, filed on October 24, 2014, is time-barred.

Jones argues, however, that the date of the violation is not the filing or service of the complaint but rather the date that the default judgment was entered against him in the underlying debt collection case, November 14, 2013. Using that date as the start of the clock, his complaint would be timely. But Jones's argument is contrary to the plain language of § 1692i(a)(2), which makes it a violation to "*bring*[ ] any legal action on a debt" in an incorrect venue—not to take subsequent action in an already-pending case. 15 U.S.C. § 1692i(a)(2) (emphasis added); *Henciek*, No. 14-cv-07149, Doc. 36 at 3; *Balik*, 2015 WL 764013, at *3 ("By no stretch of the language can filing a motion for a default judgment, or obtaining a default judgment, in an already-pending case constitute 'bringing any legal action.' To do so would read the word 'bring' out of the statute."); *Komisar v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 c 7950, 2015 WL 401019, at *2 (N.D. Ill. Jan. 29, 2015) ("Entry of judgment is not a discrete legal action that can be brought."). This reading is also supported by Black's Law Dictionary's definition of "bring an action"—"[t]o sue; institute legal proceedings." Black's Law Dictionary (9th ed. 2009); *see Smith v. Markoff Law, L.L.C.*, No. 14 C 7809, Doc. 28 at 3 (N.D. Ill. Feb. 4, 2015). Jones' reliance on *Fox v. Citicorp Credit Services*, 15 F.3d 1507 (9th Cir. 1994), and *Blakemore v. Pekay*, 895 F. Supp. 972 (N.D. Ill. 1995), is misplaced, for those cases considered post-judgment proceedings, which are not at issue here. *See Pihl v. Law Office of Keith S. Shindler, Ltd.*, No. 14 C 7116, 2015 WL 1137695, at *2 (N.D. Ill. Mar. 10, 2015).

This Court thus joins those courts in this district that have rejected Jones' argument that the statute of limitations for § 1692i violations begins to run upon entry of judgment in the underlying debt collection lawsuit and instead have found it starts either at the time the lawsuit is filed or served.[2] *See also Padilla v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 C 7650, 2015 WL 513277, at *2 (N.D. Ill. Feb. 5, 2015); *Ford v. Blatt, Hasenmiller, Leibsker & Moore, L.L.C.*, No. 14 C 9601, Doc. 26 (N.D. Ill. Feb. 4, 2015); *Komisar v. Blatt, Hasenmiller, Leibsker & Moore LLC*, No. 14 c 7948, 2015 WL 427845, at *2–3 (N.D. Ill. Jan. 29, 2015); *Mako v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 C 9600, Doc. 17 (N.D. Ill. Jan. 20, 2015). Jones'

---

[1] The courts of appeals to address the issue are also split as to whether the clock starts at the time of filing or service. *See Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 446 (5th Cir. 2013) (statute of limitations begins to run when debtor receives notice of suit); *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002) (statute of limitations begins to run upon service); *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (statute of limitations begins to run at time of filing of suit).

[2] As noted above, because this suit is untimely using either the filing or service date, the Court need not resolve whether the limitations period for § 1692i violations begins to run at the date of filing or the date of service.

complaint is time-barred, and Blitt's motion to dismiss is granted. Because Jones cannot amend his complaint to cure the statute of limitations issue, the dismissal is with prejudice.


Date: May 12, 2015                                                  /s/____Sara L. Ellis_____